## I. S. EASTMAN v. COMMISSIONERS OF BURKE COUNTY.

*Action to Recover Property—Demand—Damages.*

1. The owner of a building on another's land cannot recover damages for withholding possession without first making a demand and being refused permission to enter and remove it.

2. The owner of a building on another's land cannot recover, as damages for its detention, the rental value thereof, but only the actual damages suffered by such detention.

This was a CIVIL ACTION, tried at Special Term, 1894, of CALDWELL Superior Court, before *Boykin, J.*, and a jury.

The plaintiff brought his action to recover a lot in the town of Morganton, Burke county, N. C., and, second, to recover a certain frame building situated on said lot, and certain tools and other personal property contained therein.

On the trial of said action, his Honor having intimated that on the evidence the plaintiff was not entitled to recover on his first cause of action, the plaintiff submitted to and took a nonsuit thereon.

It was in evidence, and it appears from the pleadings, that the keys of the house sued for and the house itself were delivered to the defendant Board of Commissioners in December, 1890, and same adversely to the plaintiff. A lease was also introduced in evidence by the defendant from the defendant Commissioners of Burke county to Rufus Avery wherein they let to said Avery a certain lot in Morganton from the 3d day of January, 1881, to the first day of January, 1891, upon the following conditions, to-wit: "That said party of the first part is to have the privilege of digging an ice-house and erecting a building for marketing purposes, but is not allowed to sell or allow to be sold spirituous liquors on the premises, and to have the use and occupation of said lot for ten years, commencing January 3, 1881, and ending January 1, 1891.

"The party of the second part is to pay to the parties of the first part and their successors in office, on the first day of January of each and every year, the sum of ten dollars rent, the first payment to be made on or before January 1, 1882, and the tenth and last on the 1st January, 1891. And at the expiration of the ten years, to-wit, on the first day of January, 1891, the said party of the second part is to surrender the possession of the said lot upon the payment, and if agreement as to the value cannot be decided upon the party of the second part is at liberty to remove said building off the premises, but is not to damage the ice-house. The parties of the first part bind themselves and their successors to carry out the terms of the above agreement, and the party of the second part binds himself and his heirs, executors, administrator and assigns to carry out the terms of the above agreement, and in default of the payments above set forth the same shall be a lien upon said building."

The plaintiff introduced in evidence a deed from Rufus Avery to himself, dated 23d January, 1892, conveying the

said house and its contents (consisting of butcher's tools, etc.) to the plaintiff and his heirs, the conveyance being only made to assure the title to the property therein conveyed, the sale thereof having been made to the said I. S. Eastman before and purchase-money paid on the 4th day of April, 1891.

It was further in evidence, and uncontradicted, that the rental value of said house was $40 a year.

His Honor stated that, there being no conflict as to the facts in regard to the second cause of action, the right of the plaintiff to recover the house was a question of law on the evidence and pleadings, and without objection he should find the issues, which he did, as follows:

"Is plaintiff the owner of the house described in the complaint? Yes.

"What is the annual rental value of said house? $40."

This issue was answered by the Court by consent of defendant. And thereupon his Honor rendered judgment for plaintiff, and defendants appealed.

*Messrs. J. T. Perkins* and *S. J. Ervin*, for defendants (appellants).
*Messrs. I. T. Avery* and *M. Silver*, contra.

BURWELL, J.: Upon the argument of this appeal it was agreed between the counsel of the appellants and the appellee that the "case" should be amended so as to show that the appellants duly excepted to the construction put by his Honor on the lease and deed set out in the record, that exception having been omitted by an oversight in making up the statement of the case on appeal.

An examination of the plaintiff's complaint discloses the fact that he was not seeking by this action to enforce his alleged right to remove from the land of the defendants a

house which he had erected thereon under a contract which secured to him that privilege and damages because that had been denied him. In the statement of his first cause of action he distinctly avers that he is the owner in fee of the land, and demands possession as such owner. In the statement of his second cause of action he declares that in the year 1891, while he was in the peaceful possession of the house the defendants unlawfully took possession of it and have since that time wrongfully withheld the possession thereof from him, thereby causing him "to lose the use of said house and the property therein contained." He nowhere alleges a desire or right to remove the house, or that the defendants have refused to allow him to do so. It appears that these allegations were not sustained by the evidence produced on the trial. All went to show, as seems to have been conceded, that after January 1, 1891, neither the plaintiff nor his assignor, Rufus Avery, the lessee, had any right to remain on the defendants' land, or any right to come upon it except for the purpose of removing their property therefrom.

He alleged one cause of action, as it seems to us, and attempted to establish quite a different one. And of the cause of action which he thus sought to enforce at the trial a demand and refusal were an essential element. The defendants could not be held liable for damages in such a case unless they had prevented him from exercising his right. Damages could only arise out of a refusal to allow him to remove the house. Now, not only was there no allegation or proof of a demand and refusal, but there was on the part of the defendants a distinct averment of a notification to the lessee to remove the house off of their land.

The pleadings and facts found do not support the judgment entered against the defendants. If the house is the plaintiff's, in the sense that he may take it away from the

defendants' land, it does not follow that he may recover damages of them. He must go a step further and prove that they refused him the privilege of removing it. And the damages recoverable would be, not the rental value of the house situated as it was on the defendants' land, but the actual damage suffered by the plaintiff because he was not allowed to remove it. There must be a

New Trial.